| | |
|---|---|
| 1 | Mark D. Campbell (State Bar No. 180528) |
|   | mcambell@loeb.com |
| 2 | Laura A. Wytsma (State Bar No. 189527) |
|   | lwytsma@loeb.com |
| 3 | Melanie Howard (State Bar No. 218895) |
|   | mhoward@loeb.com |
| 4 | LOEB & LOEB LLP |
|   | 10100 Santa Monica Boulevard, Suite 2200 |
| 5 | Los Angeles, California 90067-4120 |
|   | Telephone: (310) 282-2000 |
| 6 | Facsimile: (310) 282-2200 |
| 7 | Attorneys for Plaintiff |
|   | EVIL TWIN PRODUCTIONS |

FILED
10 NOV -9 PM 2:34
CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIF.
LOS ANGELES
BY: ___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EVIL TWIN PRODUCTIONS,

Plaintiff,

v.

EVIL TWINS ENTERTAINMENT, LLC, GERARD BUTLER, ALAN SIEGEL, and DOES 1-10, inclusive,

Defendants.

Case No. CV10 8536 GW PJWx

COMPLAINT FOR FEDERAL TRADEMARK COUNTERFEITING AND INFRINGEMENT; FEDERAL UNFAIR COMPETITION; COMMON LAW TRADEMARK INFRINGEMENT; AND STATUTORY UNFAIR COMPETITION

JURY TRIAL DEMANDED

COMPLAINT AND JURY DEMAND

Plaintiff Evil Twin Productions, for its complaint against defendants Evil Twins Entertainment, LLC, Gerard Butler, and Alan Siegel (collectively, "Defendants"), alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under the Lanham Act, 15 U.S.C. §1051-1129, and the laws of the State of California. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 15 U.S.C. §§ 1121 and 1338 (Lanham Act claims) and 28 U.S.C. § 1367 (supplemental jurisdiction).

2. This Court has personal jurisdiction over Defendants, who reside in California, pursuant to Cal. Code of Civ. Proc. § 410.10.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

4. Plaintiff Evil Twin Productions is a California corporation with a principal place of business at 5201 Fulton Avenue, Sherman Oaks, California.

5. Defendant Evil Twins Entertainment, LLC ("Evil Twins Entertainment") is a California limited liability company with a principal place of business at 345 N. Maple Drive, Suite 375, Beverly Hills, California.

6. On information and belief, defendant Gerard Butler is an individual residing in the State of California.

7. On information and belief, defendant Alan Siegel is an individual residing in the State of California.

## GENERAL ALLEGATIONS

8. Kristen Armfield and Harri Mark formed Evil Twin Productions in 1996 to produce promotional and original content, including but not limited to television and radio commercials, sizzles, music videos, not-for-broadcast presentations, main titles, motion graphics for theatrical release, and feature length films.

9. For over fourteen years, Plaintiff has invested substantial time and resources into establishing and maintaining a reputation for its EVIL TWIN trade name and mark in the production industry. Plaintiff has used the EVIL TWIN mark extensively since at least 1996 in conjunction with, among other things, the production, distribution, and promotion of audio-visual recordings. Plaintiff's domain names, eviltwinproductions.com and eviltwin.tv, incorporate its trade name and mark.

10. Plaintiff has received significant recognition for its work in the entertainment production industry, including awards for its promotional and original work.

11. As a result of Plaintiff's significant investment in the EVIL TWIN name and mark, as well as Plaintiff's many awards and accomplishments, the EVIL TWIN trade name and mark has earned prominent brand recognition and substantial good will.

12. As a result of the use of the EVIL TWIN mark for over fourteen years, the mark has obtained strong secondary meaning indicating source with respect to products and services in the advertising and entertainment production industries.

13. Plaintiff is the owner of a federal registration for its EVIL TWIN mark, U.S. Reg. No. 2,566,516. A true and correct copy of the registration certificate is attached as Exhibit 1. As set forth in the registration certificate, Plaintiff's EVIL TWIN mark is federally registered in Classes 35 and 41 for:

> "Preparing and producing advertising and promotional programming for others; providing advertising agency services; preparing audiovisual recordings for use in the advertising and marketing fields" in International Class 35, and
>
> "Entertainment services, namely, production of motion picture films, television, and radio, audio and video recording and production for use in global computer network programming

and content; production of audio-visual recordings" in International Class 41.

14. Plaintiff's registration for its EVIL TWIN mark is valid and enforceable under 15 U.S.C. §1057 and is incontestable under 15 U.S.C. § 1065.

**DEFENDANTS' INFRINGING ACTIVITIES**

15. Defendant Butler is an actor who has appeared in films such as *PS, I Love You*, *The Ugly Truth*, and *The Bounty Hunter*. On information and belief, Defendant Siegel is Defendant Butler's longtime manager.

16. On information and belief, Defendants Butler and Siegel formed Evil Twins Entertainment in or about June 2007.

17. Defendants Butler and Siegel publicly announced the creation of Evil Twins Entertainment in March 2008.

18. Since at least 2008, Defendants have used and continue to use the name and mark "Evil Twins" in connection with production services offered, provided and/or promoted by Defendants.

19. Defendants' production services are identical to and/or substantially indistinguishable from services included in Plaintiff's federal registration certificate for the EVIL TWIN mark.

20. Plaintiff did not become aware of Defendants' use of the Evil Twins name and mark until Plaintiff began receiving correspondence and telephone calls intended for Evil Twins Entertainment.

21. After learning of Defendants' use of the "Evil Twins" name and mark, Plaintiff's counsel notified Defendants of their infringing activities in November 2009 and requested that Defendants discontinue any further use of Plaintiff's registered trademark.

22. In August 2010, Defendant Siegel informed Plaintiff that Evil Twins would retain the company's name, claiming that the parties' "respective company names" were not likely to confuse the public.

23. However, Defendant Butler's own website, www.gerardbutler.net, provided evidence of actual consumer confusion, cautioning: ***"DO NOT contact other Evil Twins or Evil Twin companies listed in Los Angeles."***

24. In September 2010, Plaintiff again cautioned Defendants against continued infringement of its federally registered mark and requested a response by September 30, 2010. Defendants did not respond to Plaintiff's correspondence. Instead, on September 29, 2010, Defendants announced that Evil Twins had obtained the rights to produce a new film. Additionally, following receipt of Plaintiff's correspondence, Defendant Butler's website, www.gerardbutler.net, was altered to eliminate the evidence of actual consumer confusion.

25. Defendants' willful refusal to cease and desist use of the "Evil Twins" mark or to take any other reasonable steps to avoid confusion with Plaintiff's EVIL TWIN mark necessitates this lawsuit.

## FIRST CLAIM FOR RELIEF
**(Federal Trademark Counterfeiting and Infringement, 15 U.S.C. § 1114)**

26. Plaintiff incorporates by reference Paragraphs 1 through 25 above as though fully set forth herein.

27. By using the "Evil Twins" mark in connection with their production services, Defendants have used spurious designations identical with, or substantially indistinguishable from, the EVIL TWIN mark on services covered by Plaintiff's federal registration for the EVIL TWIN mark.

28. Defendants have used these spurious designations knowing that they are counterfeit in connection with advertising and offering their production services.

29. Defendants used and continue to use the "Evil Twins" mark to advertise and offer production services without Plaintiff's consent.

30. Defendants' unauthorized use of the "Evil Twins" mark in connection with advertising and offering production services constitutes use in commerce.

31. Defendants' acts constitute trademark counterfeiting in violation of 15 U.S.C. § 1114.

32. Defendants' unauthorized use of the "Evil Twins" mark is likely to cause confusion, to cause mistake, and/or to deceive the trade and/or consuming public as to affiliation, connection, or association of Defendants with Plaintiff and Plaintiff's federally registered EVIL TWIN mark, or as to the origin, sponsorship, or approval of services provided by Defendants.

33. Defendants' unauthorized use of the "Evil Twins" mark that is confusingly similar to Plaintiff's federally registered EVIL TWIN mark constitutes trademark infringement in violation of 15 U.S.C. § 1114.

34. On information and belief, Defendants' acts of counterfeiting and infringement were intentional, deliberate, and willful.

35. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' acts in violation of the Lanham Act. Plaintiff is at present unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' acts.

36. Pursuant to 15 U.S.C. § 1117, Plaintiff is further entitled to recover from Defendants the gains, profits, and advantages that they have obtained as a result of their acts. Plaintiff is at present unable to ascertain the full amount of the gains, profits, and advantages Defendants have obtained by reason of their acts.

37. Pursuant to 15 U.S.C. § 1117, Plaintiff is further entitled to recover the costs of this action. Moreover, Plaintiff is informed and believes, and on that basis alleges, that Defendants' conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Plaintiff to recover enhanced damages and reasonable attorneys' fees.

38. Pursuant to 15 U.S.C. §1117, Plaintiff is further entitled to recover treble damages as a result of Defendants' use of a counterfeit mark.

39. Pursuant to 15 U.S.C. §1117, Plaintiff is further entitled to elect to recover statutory damages of up to $2,000,000 per counterfeit mark per type of goods or services sold as a result of Defendants' willful use of a counterfeit mark.

40. Defendants have caused, and will continue to cause, immediate, and irreparable injury to Plaintiff, including injury to its business, reputation, and goodwill, for which there is no adequate remedy at law. Plaintiff has been and, until Defendants are restrained by the Court, will continue to be seriously and irreparably harmed.

## SECOND CLAIM FOR RELIEF

**(Federal Unfair Competition, 15 U.S.C. § 1125(a))**

41. Plaintiff incorporates by reference Paragraphs 1 through 40 above as though fully set forth herein.

42. Defendants' use in commerce of words, terms, names, symbols or devices, or combinations thereof, including but not limited to the name and mark "Evil Twins," on or in connection with the promotion or production of audio-visual recordings, constitutes false designation of origin and false and misleading representations of fact which are likely to cause confusion, to cause mistake, and/or to deceive the trade and/or consuming public as to affiliation, connection, or association of Defendants with Plaintiff and/or as to the origin, sponsorship, or approval of services provided by Plaintiff and Defendants.

43. As a result of their acts alleged above, Defendants have violated 15 U.S.C. § 1125(a).

44. On information and belief, Defendants' acts were deliberate and willful.

45. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' acts in violation of the Lanham Act. Plaintiff is at present unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' acts.

46. Pursuant to 15 U.S.C. § 1117, Plaintiff is further entitled to recover from Defendants the gains, profits, and advantages that they have obtained as a result of their acts. Plaintiff is at present unable to ascertain the full amount of the gains, profits, and advantages that Defendants have obtained by reason of their acts.

47. Pursuant to 15 U.S.C. § 1117, Plaintiff is further entitled to recover the costs of this action. Moreover, Plaintiff is informed and believes, and on that basis alleges, that Defendants' conduct was undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover enhanced damages and reasonable attorneys' fees.

48. Defendants have caused, and will continue to cause, immediate and irreparable injury to Plaintiff, including injury to its business, reputation, and goodwill, for which there is no adequate remedy at law. Plaintiff has been and, until Defendants are restrained by the Court, will continue to be seriously and irreparably harmed.

### THIRD CLAIM FOR RELIEF

#### (Common Law Trade Name and Service Mark Infringement)

49. Plaintiff incorporates by reference Paragraphs 1 through 48 above as though fully set forth herein.

50. Plaintiff enjoys common law trade name, trademark, and service mark rights throughout the United States in the EVIL TWIN mark in connection with entertainment services, generally, and with respect to the production of audio-visual recordings, specifically.

51. Defendants' use in commerce, without Plaintiff's consent, of "Evil Twins" in connection with advertising, offering, and producing audio-visual recordings, including motion picture films, is likely to cause confusion, to cause mistake, and/or to deceive the trade and/or consuming public.

52. By these wrongful acts, Defendants have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury and damage to Plaintiff and to the goodwill and reputation associated with the EVIL TWIN mark.

53. Upon information and belief, Defendants have profited or will profit by their wrongful conduct and activities.

54. Plaintiff has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

**(Statutory Unfair Competition – Cal. Bus. and Prof. Code §§ 17200, *et seq.*)**

55. Plaintiff incorporates by reference Paragraphs 1 through 54 above as though fully set forth herein.

56. Defendants' conduct constitutes unfair competition in that such acts were and are unlawful, unfair, deceptive and/or fraudulent business acts or practices in violation of California Business & Professions Code § 17200, *et seq.*

57. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered injury in fact, which injuries include damage to Plaintiff's goodwill with potential clients. Defendants' conduct has also caused damage to consumers.

58. Defendants' wrongful conduct has proximately caused and will continue to cause Plaintiff substantial injury, including loss of potential revenues, dilution of goodwill, confusion of potential partners and customers, and diminution of the value of Plaintiff's products.

59. The harm that Defendants' continued wrongful acts will cause to Plaintiff is both imminent and irreparable, and the amount of damage sustained by Plaintiff will be difficult to ascertain if these acts continue. Plaintiff has no adequate remedy at law. Plaintiff is therefore entitled to an injunction restraining Defendants, their officers, agents, employees, and all persons acting in concert with them from engaging in further such unlawful conduct.

60. Plaintiff is further entitled to restitution from Defendants.

Case 2:10-cv-08536-GW -PJW   Document 1   Filed 11/09/10   Page 10 of 16   Page ID #:25

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor on all claims and grant relief as follows:

1. An order preliminarily and permanently enjoining and restraining Defendants, and their officers, agents, servants, employees, attorneys and all those persons in active concert or participation with them from:

   a. Using or registering the EVIL TWIN mark, in whole or as part of any mark, name, or logo, or using any confusingly similar designation, including but not limited to "Evil Twins," alone or in combination with other words, as a trademark, service mark, trade name, trade name component, brand or otherwise, to market, advertise or identify Defendants' goods or services;

   b. Using any counterfeit of the EVIL TWIN mark;

   c. Otherwise infringing the EVIL TWIN mark;

   d. Unfairly competing with Plaintiff in any manner whatsoever; and/or

   e. Causing actual confusion, a likelihood of confusion, injury to Plaintiff's goodwill, reputation, and proven business success, and/or dilution of the distinctiveness of the EVIL TWIN mark.

2. An order directing Defendants to file with this Court and serve on Plaintiff within thirty days after service of an injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

3. An order requiring Defendants to deliver up and destroy all films, videos, audio-visual recordings, signage, literature, advertising, containers, packaging, and other material bearing the infringing mark.

4. An order requiring Defendants to conduct remedial advertising in an effort to mitigate the damage done to Plaintiff's goodwill, reputation, and proven business success in all geographic areas where Defendants have sold, delivered,

distributed, or marketed their infringing services, and restore to Plaintiff monies lost as a result of its unfair competition.

5. An award of its actual damages or, at its election, statutory damages of up to $2,000,000 per counterfeit mark per type of goods or services offered by Defendants.

6. An award of Defendants' profits resulting from its wrongful acts.

7. An order trebling Plaintiff's damages as a result of Defendants' intentional and willful infringement and counterfeiting.

8. An award of punitive damages.

9. An order awarding Plaintiff its costs of suit, including attorneys' fees.

10. An order granting prejudgment and post-judgment interest.

11. Such further and additional relief as the Court may deem just and appropriate.

Dated: November 9, 2010

LOEB & LOEB LLP
MARK D. CAMPBELL
LAURA A. WYTSMA
MELANIE HOWARD

By _____
Laura A. Wytsma
Attorneys for Plaintiff
Evil Twin Productions

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: November 9, 2010

LOEB & LOEB LLP
MARK D. CAMPBELL
LAURA A. WYTSMA
MELANIE HOWARD

By _____
Laura A. Wytsma
Attorneys for Plaintiff
Evil Twin Productions

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

**CV10- 8536 GW (PJWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Laura A. Wytsma (State Bar No. 18 27)
lwytsma@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: (310) 282-2000

Attorneys for Plaintiff EVIL TWIN PRODUCTIONS

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| EVIL TWIN PRODUCTIONS<br>PLAINTIFF(S)<br>V.<br><br>EVIL TWINS ENTERTAINMENT, LLC, GERARD BUTLER, ALAN SIEGEL, and DOES 1-10, inclusive,<br>DEFENDANT(S). | CV10 8536 GW<br><br>**SUMMONS** |

TO: DEFENDANT(S): <u>EVIL TWINS ENTERTAINMENT, LLC, GERARD BUTLER, ALAN SIEGEL</u>

A lawsuit has been filed against you.

Within <u>21</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Laura A. Wytsma</u>, whose address is <u>10100 Santa Monica Blvd., Suite 2200, Los Angeles, CA 90067</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: NOV -9     By: **CHRISTOPHER POWERS**
                      Deputy Clerk
                      (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                           SUMMONS                         American LegalNet, Inc.
                                                                         www.USCourtForms.com

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
EVIL TWIN PRODUCTIONS

**DEFENDANTS**
EVIL TWINS ENTERTAINMENT, LLC, GERARD BUTLER, ALAN SIEGEL, and DOES 1-10, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Laura A. Wytsma (State Bar No. 189527)
lwytsma@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200, Los Angeles, CA 90067
Telephone: (310) 282-2000

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No
☐ **MONEY DEMANDED IN COMPLAINT:** $ 1.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 1114; 15 U.S.C. § 1125(a); Trademark Infringement and Unfair Competition

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: _____
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)      CIVIL COVER SHEET      American LegalNet, Inc. www.FormsWorkflow.com      Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No  ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case?  ☒ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
 ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
 ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
 ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): /s/ Laura A. Wytsma       Date November 9, 2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)        CIVIL COVER SHEET        Page 2 of 2

American LegalNet, Inc.
www.FormsWorkflow.com